## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RONNY T. GARCIA,**

**Petitioner,**

v.                                                    **No. CIV 06-617 JH/ACT**

**TIM HATCH, Warden, and**
**PATRICIA A. MADRID, Attorney**
**General for the State of New Mexico,**

**Respondents.**

## MAGISTRATE JUDGE′S FINDINGS
## AND RECOMMENDED DISPOSITION

### Findings

1.      This is a proceeding on a petition for writ of habeas corpus brought under 28 U.S.C.

′ 2254, filed July 10, 2006 [Doc. No. 1].  Petitioner Ronny T. Garcia (AGarcia@), currently confined

at the Guadalupe County Detention Center in Santa Rosa, New Mexico, challenges the judgment and

sentence entered by the Eleventh Judicial District Court in State v. Garcia, No. CR 2004-0268-4 (San

Juan County, New Mexico).

2.      In his federal habeas petition, Garcia sets forth three claims:  (1) ineffective assistance

of counsel; (2) Aillegal charges, only one charged and convicted of conspiracy and accessory@; (3) and

due process violation.  [Doc. No. 1.]

3.      On August 21, 2006, Respondents submitted a Answer, accompanied by a motion to

dismiss and supporting brief.  However, the Court inadvertently did not enter these pleadings on the

docket until September 28, 2006 and October 2, 2006. [Doc. Nos. 8, 9, 10.]  Notwithstanding the

later docketing dates, Respondents= Answer and Motion to Dismiss were served on Garcia, via U.S. Mail on August 21, 2006.  Thus, any response to the motion to dismiss that Garcia intended to file was due no later than 17 days after the date of service.  As of October 2, 2006, Garcia had not responded to the motion to dismiss, and the time for filing a response has elapsed.

4.      Respondents concede that Garcia exhausted all three grounds raised in his petition. [Doc. No. 8.]  They further describe Garcia=s claim of ineffective assistance of counsel as trial counsel=s alleged failure to subpoena witnesses, failure to properly prepare Garcia to testify at trial and failure to argue that more than one individual needed to be involved in the crime of conspiracy. Garcia=s second claim alleges that the conspiracy charges brought against Garcia were illegal because he was the only individual charged and convicted of conspiracy.  Finally, Garcia=s third claim of due process violation alleges that time limits for an arraignment in state district court were not followed. [Id., pp. 1-2.]

5.      Respondents ask the Court to dismiss Garcia=s ' 2254 petition on grounds that he fails to state any meritorious constitutional claim cognizable under 28 U.S.C. ' 2254 and does not assert any facts that would call into question the factual support of his state court conviction and sentence. More specifically, Respondents assert that the state court=s decisions on these claims did not result in a decision that was contrary to federal law nor an unreasonable application of federal law, and in addition, were not based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. ' 2254(d).

**Factual and Procedural History**

6.      On March 2, 2004, the State filed a Criminal Information in this case (CR 2004-

2

0268), and Garcia was arraigned on March 15, 2004.  [Doc. No. 8, Ex. N.]  On September 8, 2004,

a jury found Garcia guilty of the offenses of Burglary (Commercial) - Accomplice (Count I) and

Burglary (Commercial) - Conspiracy (Count II), both 4th degree felonies, for crimes that occurred

on or about July 17, 2003.  [Doc. No. 8, Ex. A.]  Between March and September 2004, Garcia was

convicted in a separate cause number, CR 2003-0894 and was sentenced to a term of incarceration

of 10 years, for offenses occurring on or about August 9, 2003.  [Doc. No. 8, Ex.N.]

7.     Garcia testified on his own behalf in this case (CR 2004-0268) and was cross-

examined by the State regarding prior criminal convictions, some of which occurred more than ten

years prior to the September 2004 trial.  In the State Court=s Judgment, Sentence and Commitment,

entered February 22, 2005, the district court determined that Garcia was a habitual offender.  [Doc.

No. 8, Ex. A.]  Ultimately, Garcia was sentenced to a term of 18 months for Count I, which was

enhanced by one year based on Garcia=s habitual offender status, for a total term of incarceration of

2½ years.  Upon completion of the prison term, Garcia was ordered to serve a mandatory one year

period of parole.  The sentence for Count II was ordered to run concurrently to the sentence imposed

in Count I.

8.     In addition, the state court ordered that the sentence imposed in this case (CR 2004-

0268) was to Arun first and consecutively@ to the sentence imposed in CR-2003-0894.  Garcia initially

was given 136 days of credit for pre-sentence confinement.  [Id.]  In a State Court Order Dismissing

Garcia=s Petition for Writ of Habeas Corpus, issued April 5, 2006, the state district court amended

Garcia=s Judgment and Sentence by awarding a pre-sentence confinement credit of 317 days.  [Doc.

No. 8, Ex. N, & 7.]  On June 8, 2006, the state district court entered a Corrected Judgement,

Sentence and Commitment again indicating that Garcia was awarded 317 days of pre- confinement

credit.  [Doc. No. 8, Ex. R, & 6.]  The amended Judgment and Sentence was also corrected to read

that the criminal sentence in this case, CR 2004-0268, was to run consecutively to the sentence

imposed in CR 2003-0894.  The amended Judgment deleted the word Afirst@which had indicated that

Garcia was to serve the sentence in CR 2004-0268 Afirst.@ [Doc. No. 8, Ex. A, & 3 and Ex. R, & 4.]

9.      Shortly after the state court entered its first judgment, Garcia filed a Notice of Appeal

and a docketing statement.  [Doc. No. 8, Exs. A, B.]  In the docketing statement, Garcia=s attorney

noted that at trial, Garcia testified Aagainst his best interest, and >opened the door= to many of his past

convictions@which were older than ten years.  Counsel asserted in the docketing statement that had

he properly prepared Garcia, the prejudicial testimony would have been avoided.  Thus, he raised,

on direct appeal, a claim of ineffective assistance of counsel.  [Doc. No. 8, Ex. B., p. 2.]  Trial

counsel filed the docketing statement on behalf of Garcia.

10.      On April 14, 2005, the State Court of Appeals issued a proposed summary disposition

of Garcia=s appeal, indicating its intention to dismiss the appeal.  The Court of Appeals reasoned  that

trial counsel=s decision to call Defendant to testify was part of trial counsel=s rational strategy or

tactics which were not subject to second guessing.  The Court further observed that the evidence was

not the type to demonstrate incompetency by counsel sufficient to sustain a claim of ineffective

assistance of counsel.  [Doc. No. 8, Ex. D.]

11.      On June 30, 2005, Garcia, through appellate counsel, filed a Memorandum in

Opposition to the proposed summary disposition and a motion to amend the docketing statement.

[Doc. No. 8, Ex. E.]  Appellate counsel sought to add three additional issues: an additional ground

for ineffective assistance of counsel relating to trial counsel=s alleged failure to subpoena and call

witnesses on the defendant=s witness list favorable to his defenses; a claim relating to whether Garcia

4

received a fair trial when the jury received an instruction on the commercial burglary charge that was not in accord with UJI 14-1620; and a claim that Garcia≈s sentence in this case was illegally enhanced by a prior conviction that was on appeal before the New Mexico Court of Appeals.  Appellate counsel also argued that the trial court erred in ruling that Garcia≈s sentence in the present case was to be served consecutively, rather than concurrently, to the sentence imposed in CR-2003- 0894.

12.     On September 16, 2005, the New Mexico Court of Appeals issued a Memorandum Opinion affirming Garcia≈s convictions and denying the motion to amend the docketing statement, concluding that the issues were without merit.  [Doc. No. 8, Ex. F.]

13.     On September 28, 2005, Garcia filed a Petition for Writ of Certiorari that was denied by the Court in an Order filed October 24, 2005.  [Doc. No. 8, Exs. G, H.]  On December 19, 2005, the Court of Appeals issued a Mandate to the state district court.  [Doc. No. 8, Ex. I.]

14.     On October 11, 2005, Garcia, acting *pro se*, filed a Motion for Modification of Sentence.  [Doc. No. 8, Ex. J.]  Garcia requested that the Court modify his sentence to include credit for additional pre-sentence confinement time.  On November 7, 2005, Garcia filed a Motion for Reconsideration of Sentence, asking that the sentence in this case be run concurrently, rather than consecutively, with the sentence in CR-2003-0894.  [Doc. No. 8, Ex. K.]

15.     On November 18, 2005, the state court initially denied Garcia≈s motions to amend or reconsider his sentence, having determined that Garcia≈s motions regarding his sentence were untimely.  [Doc. No. 8, Ex. L.]  However, while the state court did not modify the sentences to run concurrently, the court did later award Garcia additional pre-sentence confinement time.  [Doc. No. 8, Ex. O.]

16.     On January 9, 2006, Garcia filed a state habeas petition.  [Doc. No. 8, Ex. M.]  Under

5

Ground 1, Garcia argued his trial attorney was ineffective for failure to subpoena witnesses and failure to prevent the admission at trial of evidence of his older convictions.  Under Ground 2, Garcia claimed that he was improperly convicted of conspiracy because there were no other persons arrested for this offense.  Ground 3 asserted a violation of Garcia's due process rights for alleged failure to provide Garcia with a timely arraignment.  [Doc. No. 8, Ex. O, p. 3.]

17.    On April 5, 2006, the state district court entered an Order dismissing Garcia's state habeas petition.  [Doc. No. 8, Ex. N.]  The court reviewed the pleadings, court file, and the taped recording of the sentencing proceeding before concluding that none of Garcia's claims had any merit. In so doing, the state court issued findings of fact and conclusions of law concerning each claim raised by Garcia.

18.    On April 25, 2006, Garcia filed a petition for writ of certiorari in the New Mexico Supreme Court, raising the same issues.  On May 11, 2006, the New Mexico Supreme Court denied the petition.  [Doc. No. 8, Exs. P, Q.]

19.    On July 10, 2006, Garcia filed the present federal habeas petition.  [Doc. No. 1.]

## Discussion

## Exhaustion of Remedies

20.    Respondents concede that Garcia exhausted his remedies on all of the claims presented in his federal habeas petition.

## Deference to State Court Adjudications

21.    A federal court is precluded from granting habeas relief on any claim adjudicated on

the merits by the state courts, unless the proceeding resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. ' 2254(d); Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999), *cert. denied*, 531 U.S. 833, 121 S.Ct. 88 (2000). AFederal habeas courts do not sit to correct errors of fact or to relitigate state court trials.  Our jurisdiction is limited to ensuring that individuals are not imprisoned in violation of the Constitution.@ Thompson v. Oklahoma, 202 F.3d  283 (Table, text in Westlaw), No. 98-7158, 2000 WL 14404, at *6 (10th Cir. Jan.10, 2000), *cert. denied*, 530 U.S. 1265, 120 S.Ct. 2725 (2000).

22.    Section 2254(d) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which Aincrease[d] the deference to be paid by the federal courts to the state court=s factual findings and legal determinations.@ Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997).  The Tenth Circuit Court of Appeals further explained:

> Under ' 2254(d)(1), a federal court may grant a writ of habeas corpus only if the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner=s case. >Under ' 2254(d)(1)=s unreasonable application clause . . ., a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable.= >In sum, ' 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner=s application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.=  AEDPA also requires federal courts to presume state court factual findings are correct, and places the burden on the petitioner to rebut that presumption by clear and convincing evidence.

Sallahdin v. Gibson, 275 F.3d 1211, 1221-22 (10th Cir. 2002) (*relying on* 28 U.S.C. ' 2254(e)(1)).

23.     Before reaching its analysis of Garcia=s claims, the Court determines that all of the claims presented in Garcia=s federal habeas petition were adjudicated on the merits by the state court.  For example, in the state trial court=s denial of Garcia=s state habeas petition, the court made specific findings of fact and conclusions of law as to each of the claims similar to those raised here.  [Doc. No. 8, Ex. N, pp. 3-4.]

## Alleged Ineffective Assistance of Counsel

24.     An accused has a Sixth Amendment right to assistance of counsel in a criminal prosecution, which includes the right to effective assistance of counsel at trial.  Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063-64 (1984).  AThe essence of a claim of ineffective assistance is that counsel=s unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.@ Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582 (1986).

25.     To establish ineffective assistance of counsel, Garcia must make a two-prong showing: (1) that counsel=s performance was constitutionally defective; and (2) that the deficient performance prejudiced the defense, in that counsel=s errors were so serious as to deprive the defendant of a defense.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  To prove deficient performance, Garcia must overcome the presumption that counsel=s conduct was constitutionally effective.  Duvall v. Reynolds, 139 F.3d 768, 776 (10th Cir.), cert. denied, 525 U.S. 933, 119 S.Ct. 345 (1998).  Scrutiny of counsel=s performance must be Ahighly deferential@ and must avoid the distorting effects of hindsight.  Miles v. Dorsey, 61 F.3d 1459, 1474 (10th Cir. 1995), cert. denied, 516 U.S. 1062, 116 S.Ct. 743 (1996).  In order to be found constitutionally ineffective, trial counsel=s performance must

8

have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy.  Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir.), *cert. denied*, 522 U.S. 844, 118 S. Ct. 126 (1997).

26.    In support of his ineffective assistance of counsel claim, Garcia alleges that his trial attorney Arefused to subpoena witness and argue rules of evidence 10 years or older.@ [Doc. No. 1, p. 6.]  Garcia further noted that the Court needed to listen to the sentencing tape Awhere Honorable Judge Dean told me to file Ineffective Counsel.@ [Doc. No. 1, attached pages.]  Garcia also attached to his federal habeas petition a hand-written letter he sent to his trial attorney in December 2004.  In that letter, Garcia again complains about evidence of old convictions that was admitted at trial.  [Doc. No. 1, attached letter, dated 12/17/04.]

27.    In the State Court of Appeals= decision, issued September 16, 2005, the Court thoroughly addressed and then rejected Garcia=s claim that trial counsel was ineffective for calling Garcia to testify at trial without proper preparation.  The Court concluded that Garcia failed to satisfy his burden of proving both that his counsel was incompetent and that he was prejudiced by such incompetence.  [Doc. No. 8, Ex. F, p. 2.]  The Court further reasoned that it would not second guess counsel=s determination to ask Defendant to testify at trial because such decisions relate to trial tactics and strategy.  The Court of Appeals also addressed Garcia=s claim that counsel was constitutionally ineffective for his failure to call or subpoena witnesses on Garcia=s witness list.  The Court noted that Garcia did not indicate what the testimony of the witnesses on his list (who were not also listed by the State) would have been or what potentially, exculpatory evidence the witnesses might have presented.  The Court again concluded that Garcia failed to provide evidence of incompetence by his trial attorney and that he was prejudiced by any failures by his attorney.

28.     In its denial of Garcia=s state habeas petition, the state district court addressed and rejected the same claims of ineffective assistance of counsel.  The state court also observed that Garcia failed to recount any facts as to what the three witnesses might have said that would have made a difference in the outcome of Garcia=s jury trial.  [Doc. No. 8, Ex. N, & 4.]  In addition, in relation to Garcia=s argument that trial counsel improperly allowed admission of evidence of old convictions at trial, the state court noted that Garcia=s attorney objected to the State=s questioning regarding these convictions both in chambers and in open court but was overruled.  [Id., & 5.]

29.     The state court also addressed Garcia=s request that the court review the sentencing proceedings because the state court judge purportedly advised him to file an ineffective assistance of counsel claim.  After reviewing the tape-recorded proceeding, the state court observed that the court merely advised Garcia of his right to file an appeal and of his right to file a claim of ineffective assistance of counsel.  However, the sentencing judge did not advise Garcia that he Ashould pursue@ such a claim or that an ineffective assistance of counsel claim had merit.  [Id., & 6.]

30.     As noted above, AEDPA requires that the federal court presume state court factual findings to be correct.  After careful examination of the state court=s decisions, this Court concludes that the state court proceeding did not result in a decision that was contrary to clearly established law or that involved an unreasonable application of clearly established federal law.  Moreover, after reviewing the pleadings and Garcia=s arguments in this case, the Court finds that the state court=s decision was not based on an unreasonable determination of the facts in light of the evidence presented.

31.     None of Garcia=s allegations of ineffective assistance of counsel, taken together or alone, constitute sufficient facts to show that his attorney=s representation fell below an objective

10

standard of reasonableness. *See, e.g.,* <u>Bullock v. Carver</u>, 297 F.3d 1036, 1044 (10th Cir.) (internal citation omitted), *cert. denied*, 537 U.S. 1093 (2002) (in applying test of whether an attorney=s performance was deficient and fell below an objective standard of reasonableness, the Tenth Circuit advises that Awe give considerable deference to an attorney=s strategic decisions and >recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.≈@). Moreover, even if Garcia could make such a showing, he provides no evidence to establish prejudice. In other words there is no evidence that but for counsel=s unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. 687-88. For all of these reasons, the Court recommends that Garcia=s ineffective assistance of counsel claims be dismissed, with prejudice.

### <u>Alleged Unlawful Charge and Conviction of Conspiracy</u>

32.     Garcia argues that he was improperly charged with conspiracy because there was no one else charged and convicted of conspiracy. He also contends that his attorney was ineffective for failure to argue that more than one individual needed to be involved in the conspiracy before Garcia could be convicted of the crime.

33.     In the state court=s decision denying Garcia=s state habeas petition, the court noted that Garcia had failed to enumerate any facts or law that cast in doubt the jury=s verdict that Garcia was guilty of conspiracy. [Doc. No. 8, Ex. N.] Indeed, Garcia apparently misunderstands pertinent New Mexico law, which does not require that a co-conspirator be charged or convicted before another party be charged and convicted of the crime. <u>State v. Verdugo</u>, 79 N.M. 765, 766 (1969) (A[c]ertainly it takes two or more to effect a conspiracy, . . . but conviction of all conspirators, or even

11

more than one, is not required.@).  Moreover, counsel is not ineffective for failing to advance a futile argument.  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1537 (10th Cir. 1994) (ATo be ineffective, the representation must have been such as to make the trial a mockery, sham, or farce, or resulted in the deprivation of constitutional rights.@).

34.     Again,  this Court concludes that the state court proceeding did not result in a decision that was contrary to clearly established law or that involved an unreasonable application of clearly established federal law.  In addition, there is no evidence to show that the state court proceeding was based on an unreasonable determination of the facts in light of the evidence presented.  For these reasons, the Court recommends that Garcia=s claim that the conspiracy charge and conviction were unlawful be dismissed, with prejudice.

**Due Process Violation**

35.     Garcia asserts that his due process rights were violated because his arraignment was not conducted in accordance with the pertinent time limitations.  In support of this claim, Garcia refers the Court to several exhibits, none of which support his position (to the extent the Court can determine which exhibits Garcia designated as support for the claim, i.e., AExhibits 1-D, F,1-G, + 1-H@ [Doc. No. 1. , p. 9]).

36.     In any event, the state district court addressed and rejected this very claim.  In its decision denying Garcia=s state habeas petition, the court concluded that Garcia=s Aarraignment and trial were conducted in accordance with all process due the Petitioner under the United States and New Mexico Constitutions.  Petitioner has not identified and the Court did not perceive violations of any >statutes of limitation= as alleged by Petitioner.@ [Doc. No. 8, Ex. N, p. 3.]

37.     It is not clear whether Garcia also intended to assert a due process violation based on the state court=s decision to run the sentence in the underlying criminal conviction consecutively, rather than concurrently, with the sentence in CR 2003-0894.  To the extent that Garcia intended to raise such a claim, again the state court specifically addressed and rejected that claim.  AThere is no legal requirement that the sentence in the instant case run concurrently with the ten-year sentence in CR-2003-0894-6 merely because the crimes in the instant case were committed twenty three days before the crimes committed in CR 2003-0894-6.@ [Doc. No. 8, Ex. N, p. 3.]

38.     This Court concludes that the state court proceeding did not result in a decision that was contrary to or that involved an unreasonable application of clearly established federal law.  Moreover, the state court proceeding was not based on an unreasonable determination of the facts in light of the evidence presented.  Thus, the Court recommends that the due process claim be dismissed with prejudice.

### Recommended Disposition

That Garcia=s ' 2254 petition [Doc. No. 1] be denied and that the matter be dismissed, with prejudice.

### Notification

The parties are notified that within 10 days of service of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10)

day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

14